# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY MANIEL SLAYTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-1541-SNLJ |
| ST. LOUIS CITY, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of a complaint filed by plaintiff Terry Maniel Slayton, an inmate at the Boonville Correctional Center. For the reasons explained below, the Court will allow plaintiff to proceed in forma pauperis in these proceedings, and will assess an initial partial filing fee of $47.75. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

This case originated in the United States District Court for the Western District of Missouri, where plaintiff filed the instant complaint on or about April 26, 2019. On May 22, 2019, the Honorable Greg Kays entered an order transferring the case to this Court on the basis of venue. Judge Kays also granted plaintiff provisional leave to proceed in forma pauperis.

This Court has reviewed the Financial Affidavit that plaintiff filed, and has determined to allow plaintiff to proceed in forma pauperis in these proceedings. The Court has also reviewed plaintiff's certified inmate account statement, which shows an average monthly balance of $152.30 and an average monthly deposit of $238.73. The Court will therefore assess an initial partial filing fee of $47.75, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Review of Missouri Case.net shows that on July 18, 2018, following a jury trial in the Circuit Court for the City of St. Louis, plaintiff was convicted of domestic assault, burglary, and violation of an order of protection. *State v. Terry Maniel Slayton*, No. 17220CR02010-01 (22nd Jud. Cir. 2017). On September 26, 2018, he was sentenced to serve a total of 9 years' imprisonment. Defendant Moench, an Assistant Public Defender, is listed as plaintiff's counsel of record.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the City of St. Louis, Kimberly Gardner (the Prosecuting Attorney for the City of St. Louis), Sahara Myer (an

3

Assistant Prosecuting Attorney), and Moench. He sues the defendants in their official and individual capacities.

Plaintiff states he brings claims of judicial misconduct, prosecutorial misconduct, "prohibition against improper statement," ineffective assistance of counsel, professional misconduct, false arrest, and false imprisonment. He alleges "the defendants acted in bad faith malicious prosecution, fabricated evidence, wrongful conviction and imprisonment, conspiracy, suppression of exculpatory evidence, and violation of policies and procedures." He alleges he never received certain items related to the offenses, and there was not enough evidence for the State to file charges against him. He alleges that Moench failed to call or investigate witnesses, failed to investigate plaintiff's concerns, failed to move for dismissal on the grounds that the victim made false statements, and presented a plea bargain to him which he rejected. He alleges there was insufficient evidence to support the occurrence of a crime, there should never have been a trial, and he should have been released as of June 20, 2017. Plaintiff seeks actual damages in the amount of $10,000 and punitive damages in the amount of $5 million.

**Discussion**

The complaint is subject to dismissal as to the City of St. Louis because there are no allegations tending to show a direct causal link between any municipal policy or custom and the alleged constitutional violations. While a pro se pleading must be liberally construed, it still must allege specific facts which, if proven true, would entitle the plaintiff to relief against the defendant under some cognizable legal theory. *Martin*, 623 F.2d at 1286; *see also Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

The complaint is also subject to dismissal as to Gardner and Myer. First, plaintiff has

4

simply listed their names as defendants without alleging facts showing they were causally linked to, and directly responsible for, any wrongdoing. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").

Even if plaintiff had attributed the alleged wrongdoing to Gardner or Myer, his claims against them would be dismissed. Plaintiff's allegations focus upon alleged wrongdoing in the State's initiation and pursuit of a criminal prosecution against him. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). The same would be true of plaintiff's conspiracy claim. *See Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (a prosecutor is immune from a conspiracy charge when the alleged participation consists of otherwise immune acts). Plaintiff's allegations that any prosecutor was out to get him or acted in bad faith would not save his claims. *See Imbler*, 424 U.S. at 427-28 (immunity for the performance of prosecutorial functions is not defeated by allegations of improper motivation).

The complaint is also subject to dismissal as to Moench. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish he was deprived of his federally-protected rights by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff alleges that Moench provided ineffective and incompetent representation while serving as his counsel during state court criminal proceedings. Plaintiff alleges nothing tending to suggest that any of Moench's allegedly wrongful conduct was outside the scope of the traditional functions of counsel. Plaintiff's allegations cannot form the basis of a § 1983 claim against Moench because attorneys, whether appointed or retained, do not act under color of state law when performing traditional functions as counsel. *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992); *see also Polk County v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Finally, to the extent plaintiff can be understood to assert claims of false arrest and imprisonment pursuant to 42 U.S.C. § 1983, the complaint is subject to dismissal, without prejudice. As noted above, before filing the instant complaint, plaintiff was found guilty by a jury of domestic assault, burglary, and violation of an order of protection, and sentenced to nine years' imprisonment. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, a judgment in plaintiff's favor on a claim of false arrest or false imprisonment would necessarily imply the invalidity of his convictions and continued imprisonment, and plaintiff has not shown that his convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. Additionally, the Eighth Circuit has recognized that claims of false arrest

and false imprisonment are subject to dismissal as *Heck*-barred. *See Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999). The court therefore concludes that these claims are subject to dismissal as *Heck*-barred. The Court notes that this dismissal will be without prejudice, to allow plaintiff to pursue these § 1983 claims in the event his conviction is invalidated in the future. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (dismissal of *Heck*-barred claim modified to be without prejudice). In addition, nothing in this Memorandum and Order shall be construed as prohibiting plaintiff from seeking federal habeas corpus relief at the appropriate time based upon the allegations in the complaint.

After carefully reading and liberally construing the complaint, the Court concludes that it must be summarily dismissed. Plaintiff is clear about the claims he wishes to bring, and it is apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in these proceedings.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $47.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE